### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY BUTRY,** | : | **No. 3:10cv1176** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WARP PROCESSING, INC.,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### <u>MEMORANDUM</u>

Before the court is defendant's motion to dismiss the instant complaint. Having been briefed, the matter is ripe for disposition.

**Background**

This case arises from Defendant Warp Processing, Inc.'s termination of plaintiff's employment as a supervisor on June 21, 2007. (<u>See</u> Complt. Exh. 2 to Notice of Removal (Doc. 1) (hereinafter Complt.) at ¶ 5). As of June 21, 2007, plaintiff had been employed by defendant for approximately 38 years. (<u>Id.</u> at ¶ 3). He was sixty-two years old on that date. (<u>Id.</u> at ¶ 4). Plaintiff alleges that defendant's purported reason for terminating him–restructuring and/or downsizing–was pretext for the real reason–plaintiff's age. (<u>Id.</u> at ¶ 10).

Plaintiff filed a two-count complaint in the Court of Common Pleas of Luzerne County, Pennsylvania on May 4, 2010. Count I of the complaint alleges that defendant discriminated against plaintiff by firing him on account of his age, which

was older than forty, in violation of the Age Discrimination in Employment Act, 29

U.S.C. § 621, et seq.  Count II raises a state-law breach-of-contract claim.

Defendant removed the case to this court on May 2, 2010.  On September 30,

2010, defendant filed the instant motion, alleging that plaintiff had failed to satisfy the

appropriate statute of limitations in filing his administrative complaint with the Equal

Employment Opportunity Commission ("EEOC").  The parties then briefed the

issues, bringing the case to its present posture.

**Jurisdiction**

Because the case is brought pursuant to the ADEA, 29 U.S.C. § 621, et seq.,

the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall

have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States.").  The court has supplemental jurisdiction over the

plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

When a defendant files a motion pursuant to Rule 12(b)(6), all well-pleaded

allegations of the complaint must be viewed as true and in the light most favorable to

the non-movant to determine whether "under any reasonable reading of the

pleadings, the plaintiff may be entitled to relief."  Colburn v. Upper Darby Township,

838 F.2d 663, 665-66 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of

York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d

564, 565 (3d Cir. 1977) (per curium)).  The court may also consider "matters of

public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a standard which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the speculative level.'" McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id.

**Discussion**

Defendant argues that the court should dismiss plaintiff's claim because he failed to satisfy the statute of limitations in filing his administrative complaint. "The ADEA requires that a charge of discrimination be filed with the Equal Employment

Opportunity Commission ("EEOC") prior to the initiation of a lawsuit in federal court so that the EEOC has an opportunity to resolve the dispute." Bailey v. United Airlines, 279 F.3d 194, 197 (3d Cir. 2002).  In Pennsylvania, "the EEOC charge must be filed within 300 days after the alleged unlawful employment practice occurs."  Id. The parties agree that the statute of limitations in this case began to run on June 21, 2007, when defendant terminated plaintiff's employment.  As such, the 300-day period for timely filing of plaintiff's EEOC charges would have concluded on April 16, 2007.  They disagree about the date on which plaintiff filed his complaint with the EEOC.

Defendant points to a Charge of Discrimination form filed by the plaintiff with the EEOC.  Plaintiff signed the document on April 14, 2008, but the charge of discrimination was stamped as received by the EEOC on April 17, 2008, 301 days after the alleged discrimination occurred.  Plaintiff does not deny that the charge of discrimination is dated April 17, 2008, but contends that other evidence which he has produced indicates that he timely filed the charge.  Clerical oversight, plaintiff insists, explains why the document bears the April 17 date.  To support these claims, plaintiff offers correspondence between his counsel and the EEOC.  On January 4, 2008, plaintiff's counsel wrote the EEOC, describing his client's employment and termination, and stating that plaintiff "requests to present a complaint/charge against his former Employer as it relates to age discrimination."  (Exh. A to Plaintiff's Brief in Opposition (Doc. 13)).  Counsel asked the EEOC to "forward" him the proper forms

4

to complete for processing of the charge. (Id.).  On March 31, 2008, plaintiff's

counsel again wrote the EEOC, noting his earlier correspondence.  (Exh. B to

plaintifff's brief in opposition (Doc. 13)).  Counsel had not received a response and

informed the EEOC that "I would appreciate your insuring that this charge is filed

since the time limit may be expiring within the next two weeks or so."  (Id.).  On April

15, 2008, plaintiff's counsel faxed a notarized Charge of Discrimination form to the

EEOC, noting that the form "must be filed by April 16, 2008 per your directive and

EEOC Regulations."  (Exh. C to Plaintiff's Brief in Opposition (Doc. 13)).  The

attached charge of discrimination is signed by the plaintiff and notarized.  (Id.).  It

bears the date April 14, 2008.

Administrative regulations provide that a charge is "deemed to be filed with the

Commission upon receipt."  29 C.F.R. § 1601.13(a)(4)(ii)(A).  The plaintiff has

submitted evidence to demonstrate that his counsel faxed the charge document to

the EEOC within the statute of limitations.  The EEOC did not file the document until

later, but plaintiff has submitted documentation to support his claim that the

Commission was in receipt of the document on the required day.  As such, at this

point in the litigation plaintiff's claim survives a motion to dismiss on these grounds.

See, e.g., Laouni v. CLM Freight Lines, 586 F.3d 473, 476 (7th Cir. 2009) (finding a

charge timely filed because "fax confirmation is thus strong evidence of receipt, and,

contrary to the district court's conclusion, CLM offered no evidence to meet its

burden of proving non-receipt.").  Defendant may, of course, revisit the issue at the

close of discovery.

**Conclusion**

  For the reasons stated above, the court will deny the defendant's motion.  An

appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY BUTRY,** | : | **No. 3:10cv1176** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WARP PROCESSING, INC.,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>ORDER</u>

**AND NOW**, to wit, this 28th day of March 2011, the defendant's motion to

dismiss (Doc. 8) is hereby **DENIED**.



**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**
